1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

RICK J. HINRICHSEN, ANNA
HINRICHSEN, HOLLY COX,

CASE NO. 16cv0690 DMS (NLS)

11

12                                        Plaintiffs,

vs.

13

14

QUALITY LOAN SERVICE
CORPORATION; DEUTSCHE
BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR
THE HOLDERS OF NEW
CENTURY HOME EQUITY LOAN
TRUST, SERIES 2005-A, ASSET
BACKED PASS-THROUGH
CERTIFICATES; DOES 1-10,
INCLUSIVE,

**ORDER (1) DENYING
DEFENDANT QUALITY LOAN
SERVICE CORPORATION'S
MOTION TO DISMISS AND (2)
GRANTING IN PART AND
DENYING IN PART DEFENDANT
DEUTSCHE BANK NATIONAL
TRUST COMPANY'S MOTION TO
DISMISS**

15

16

17

18

19

20                                        Defendants.

21          This case comes before the Court on the motions to dismiss filed by Defendant

22 Quality Loan Service Corporation and Defendant Deutsche Bank National Trust

23 Company.  Plaintiffs filed oppositions to each motion.  Quality filed a reply brief.

24 Deutsche Bank did not.  For the reasons set out below, Quality's motion is denied and

25 Deutsche Bank's motion is granted in part and denied in part.

26 / / /

27 / / /

28 / / /

# I.
## BACKGROUND

In their original Complaint, Plaintiffs Rick and Anna Hinrichsen alleged they were the former owners of the property located at 11060 Green Oaks Road in Lakeside, California. Plaintiffs alleged Holly Cox was then the owner of the property, while Plaintiffs Rick and Anna Hinrichsen remained on the property as tenants. In the First Amended Complaint, Plaintiffs allege Rick and Anna Hinrichsen have "a 50% interest in the property in fee simple],]" as does Plaintiff Holly Cox.

Plaintiffs allege they refinanced the property in 2005, and rescinded that mortgage in 2006. According to Plaintiffs, the lender on that mortgage, New Century Mortgage Corporation, reconveyed the deed of trust on the property in 2012.[1] Plaintiffs allege Defendants Quality Loan Service Corporation and Deutsche Bank National Trust Company are threatening to sell the property at a trustee's sale even though they no have no legal right do so.

In an effort to stop that sale, Plaintiffs filed the present case and a motion for a temporary restraining order, which the Court denied. Plaintiffs filed a second motion for a temporary restraining order, which the Court also denied. After some preliminary motions were filed and briefed, Plaintiffs filed their FAC. In the FAC, Plaintiffs allege claims for violation of the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act, violation of California Civil Code § 2924, violation of California Business and Professions Code § 17200 and declaratory relief.

# II.
## DISCUSSION

Quality moves to dismiss all of the claims alleged against it. First, it argues the FAC should be dismissed in its entirety due to Plaintiffs' unclean hands and judicial estoppel. Second, Quality asserts Plaintiffs have failed to allege the necessary facts to

---

[1] Plaintiffs alleged in the original Complaint that Plaintiffs Rick and Anna Hinrichsen sold the property to Pacifico Property Trust in 2015. That allegation is not reasserted in the First Amended Complaint.

support its debt collection claims.  Third, Quality contends it is immune from Plaintiffs' claim under California Civil Code § 2924.

Deutsche Bank moves to dismiss the debt collection claims for the same reasons as Quality.  On the § 2924 claim, Deutsche Bank argues Plaintiffs have no right to challenge its authority to foreclose on the property.  On the UCL claim, Deutsche Bank asserts Plaintiffs lack standing to bring that claim, and since the other claims fail, there is no predicate conduct on which to base the claim.

**A.    Motion to Dismiss**

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court established a more stringent standard of review for 12(b)(6) motions.  To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).  In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth."  *Id.* at 680. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief."  *Id.* at 681.

**B.    Unclean Hands/Judicial Estoppel**

As stated above, Quality first argues the FAC should be dismissed in its entirety based on the doctrines of unclean hands and judicial estoppel.

1.    Unclean Hands

The unclean hands doctrine is "a vehicle for affirmatively enforcing the requirements of conscience and good faith" which "closes the doors of

1    a court of equity to one tainted with inequitableness or bad faith relative
2    to the matter in which he seeks relief, however improper may have been
     the behavior of the defendant."

3    *Piping Rock Partners, Inc. v. David Lerner Assocs.*, 946 F.Supp.2d 957, 973 (N.D. Cal.

4    2013) (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806,

5    814 (1945)).  Whether the doctrine applies in a particular case "is a question of fact."

6    *Id.* at 974.

7        2.   Judicial Estoppel

8        "'Judicial estoppel is an equitable doctrine that precludes a party from gaining

9    an advantage by asserting one position, and then later seeking an advantage by taking

10   a clearly inconsistent position.'" *Kobold v. Good Samaritan Regional Medical Center*,

11   ___ F.3d ___, 2016 U.S. App. LEXIS 14603, at *40 (9th Cir. Aug. 15, 2016) (quoting

12   *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)).  "Three

13   factors 'inform the decision whether to apply the doctrine in a particular case.'" *Id.* at

14   *40-41 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)).  "'First, a party's

15   later position must be clearly inconsistent with its earlier position.'" *Id.* at *41 (quoting

16   *New Hampshire v. Maine*, 532 U.S. at 750).  "'Second, courts regularly inquire whether

17   the party has succeeded in persuading a court to accept that party's earlier position, so

18   that judicial acceptance of an inconsistent position in a later proceeding would create

19   the perception that either the first or the second court was misled.'" *Id.* (quoting *New

20   Hampshire v. Maine*, 532 U.S. at 750).  "'A third consideration is whether the party

21   seeking to assert an inconsistent position would derive an unfair advantage or impose

22   an unfair detriment on the opposing party if not estopped.'" *Id.* (quoting *New

23   Hampshire v. Maine*, 532 U.S. at 751).

24       Here, Quality asserts both of these doctrines bar Plaintiffs from pursuing the

25   present case.  In support of this argument, Quality relies on Plaintiffs' attempt to pay

26   off their mortgage in 2012.  (*See* Request for Judicial Notice in Supp. of Mot., Ex. B.)

27   Quality asserts that attempt is inconsistent with Plaintiffs' allegation in the present case

28   that they rescinded their mortgage in 2006.  Plaintiffs object to that evidence as

irrelevant, which objection is overruled, but that evidence is insufficient to warrant dismissal of Plaintiffs' case at this stage of the proceedings.  Quality has not shown the evidence is undisputed such that the Court may consider the unclean hands defense on the present motion.  Nor has Quality shown that the requirements for judicial estoppel are met.  In particular, Quality has not shown that the court took any action in Plaintiffs' previously filed case, or that estoppel is necessary either to prevent Plaintiffs from gaining an unfair advantage in this case or to prevent the imposition of unfair detriment on Quality.  Accordingly, the Court denies Quality's request to dismiss Plaintiffs' case based on either of these doctrines.

**C.     Debt Collection Claims**

Defendants argue Plaintiffs' debt collection claims should be dismissed because Plaintiffs have failed to allege Defendants are debt collectors or that Defendants were engaged in debt collection under the relevant statutes.  The Court disagrees.  Plaintiffs allege both elements of their debt collection claims.  (*See* FAC ¶¶ 18, 21-22.) Accordingly, the Court denies Defendants' motion to dismiss these claims.

**D.     California Civil Code § 2924**

The next claim at issue here is Plaintiffs' claim for violation of California Civil Code § 2924.  Deutsche Bank argues Plaintiffs have no right to challenge its authority to foreclose, therefore the claim should be dismissed.  Quality asserts its liability on this claim relates solely to its duties as trustee, and that any such liability is foreclosed by California Civil Code § 2924(b).

In support of its argument that Plaintiffs lack standing to challenge Defendants' authority to foreclose, Deutsche Bank cites a number of California decisions, including the California Supreme Court's recent decision in *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919 (2016).  (*See* Deutsche Bank's Mem. of P. & A. in Supp. of Mot. at 5.)  In that case, the court held,

> that a "home loan borrower has standing to claim a nonjudicial foreclosure was wrongful because an assignment by which the foreclosing party purportedly took a beneficial interest in the deed of trust was not merely

voidable but void, depriving the foreclosing part of any legitimate authority to order a trustee's sale."

*Watson v. Bank of Am., N.A.*, No. 16cv513 GPC(MDD), 2016 U.S. Dist. LEXIS 85580, at *63 (S.D. Cal. June 30, 2016) (quoting *Yvanova*, 62 Cal. 4th at 942-43). Notably, the California Supreme Court did not review whether a plaintiff may use "a lawsuit to preempt a nonjudicial foreclosure," *Yvanova*, 62 Cal. 4th at 933, which is what Plaintiffs are doing in this case.

District courts considering that issue post-*Yvanova* "have predicted that the California Supreme Court would likely 'limit a bar on pre-foreclosure suits only to plaintiffs who lack a specific factual basis for asserting that the foreclosing party lacks authority to do so.'" *Watson*, 2016 U.S. Dist. LEXIS 85580, at *64 (citations omitted). Here, Deutsche Bank has not shown that Plaintiffs lack that factual basis. Thus, this Court declines to dismiss Plaintiffs' § 2924 claim.

Turning to Quality's argument, California Civil Code § 2924(b) states: "In performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage." Cal. Civ. Code § 2924(b). Quality asserts it is entitled to the protection of this statute, but Plaintiffs specifically allege Quality's conduct is not entitled to this protection. (*See* FAC ¶ 35-37.) Thus, the Court denies Quality's motion to dismiss this claim in light of the disputed facts.

**E.     Unfair Competition**

The last claim at issue here is Plaintiffs' claim under California Business and Professions Code § 17200, which is alleged against Deutsche Bank only. Deutsche Bank argues Plaintiffs lack standing to bring this claim, and thus the claim must be dismissed.

California Business and Professions Code § 17204 sets out the statutory standing requirements for UCL claims. It states that individual claims may only be brought by

"a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Here, Deutsche Bank argues Plaintiffs have not satisfied either requirement under § 17204. The Court agrees that Plaintiffs have failed to allege they "lost money or property as a result of the unfair competition." The only economic injury Plaintiffs are alleged to have suffered "is the impending foreclosure of their home[,]" (Opp'n to Deutsche Bank's Mot. at 15), which is insufficient to demonstrate standing. *See Reyes v. Nationstar Mortg. LLC*, No. 15-CV-01109-LHK, 2015 U.S. Dist. LEXIS 99201, at *29-30 (N.D. Cal. July 28, 2015) (granting motion to dismiss § 17200 claim for lack of standing where plaintiffs alleged they had not yet lost property to foreclosure). Accordingly, the Court grants Deutsche Bank's motion to dismiss this claim.[2]

### III.

### CONCLUSION AND ORDER

For these reasons, the Court denies Quality's motion to dismiss and grants in part and denies in part Deutsche Bank's motion to dismiss. Specifically, the Court grants Deutsche Bank's motion to dismiss Plaintiffs' § 17200 claim and denies the remainder of the motion. Plaintiffs are granted leave to file a Second Amended Complaint that cures the pleading deficiencies set out above. Plaintiffs are cautioned that if their Second Amended Complaint does not cure these pleading deficiencies, their claims will be dismissed with prejudice and without further leave to amend. Plaintiffs' Second Amended Complaint shall be filed on or before **September 9, 2016**.

**IT IS SO ORDERED**.

DATED: August 31, 2016

_____

HON. DANA M. SABRAW
United States District Judge

---

[2] Deutsche Bank argues Plaintiffs' declaratory relief claim must be dismissed because all of Plaintiffs' other claims fail. Because the Court disagrees with that premise, it declines to dismiss Plaintiffs' declaratory relief claim.

16cv0690