**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICK J. HINRICHSEN, ANNA HINRICHSEN, HOLLY COX,<br><br>Plaintiffs,<br><br>vs.<br><br>QUALITY LOAN SERVICE CORPORATION; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE HOLDERS OF NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2005-A, ASSET BACKED PASS-THROUGH CERTIFICATES; DOES 1-10, INCLUSIVE,<br><br>Defendants. | CASE NO. 16cv0690 DMS (NLS)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM AND TO ADD NEW PARTIES** |

This case comes before the Court on Deutsche Bank's motion for leave to file an Amended Answer and Counterclaim and to add new parties. Plaintiffs filed an opposition to the motion, and Deutsche Bank filed a reply. For the reasons discussed below, the Court grants the motion.

**I.**

**BACKGROUND**

On April 25, 2005, Plaintiffs Rick and Anna Hinrichsen obtained a mortgage to purchase the property at 11060 Green Oaks Road, Lakeside, California. On May 3, 2005, a Deed of Trust was executed on the Property naming New Century Mortgage

Corporation as the lender, the Hinrichsens as the borrowers and Landamerica Southland Title as Trustee.

On January 13, 2012, Steven Lucore and Judy Lucore, on behalf of the Hinrichsens, issued a check payable to Bank of America, N.A. in the amount of $285,393.85 as payment in full of the Hinrichsen's mortgage. In light of that purported payment, Bank of America transferred title to the Property to the Hinrichsens. Unfortunately for the Bank, the Lucores' check did not clear. Thereafter, the Bank reversed the payment on the Hinrichsen's account, and their loan was placed in default status.

Nevertheless, and because they had apparently received title to the Property, the Hinrichsens proceeded to transfer title to the Property to a number of their family-related entities. First, on March 16, 2012, the Hinrichsens transferred title to the Property to the Rick and Anna Hinrichsen Property Trust by way of a Grant Deed. Next, on June 30, 2015, the Hinrichsens transferred title to the Property to Pacifico Property Trust by way of a Grant Deed. Two days later, on July 2, 2015, Plaintiff Holly Cox, the Hinrichsens' daughter, as Trustee of the Pacifico Property Trust, recorded a Deed of Trust and Assignment of Rents for the Property. That document identifies Hayven Arizona Finance as the beneficiary of the Deed of Trust. Nearly a year later, on May 6, 2016, Pacifico Property Trust transferred its interest in the Property to Ms. Cox by way of a Grant Deed. Five days later, on May 11, 2016, Ms. Cox transferred her interest in the Property to herself and her parents, as tenants in common, giving herself and her parents each a fifty percent interest in the Property.

Meanwhile, New Century and Quality Loan Service Corporation were also recording notices against the Property. On February 25, 2014, New Century assigned its interest in the Deed of Trust to Deutsche Bank. On November 10, 2014, Quality recorded a Notice of Default and Election to Sell the Property. On March 4, 2016, Quality recorded a Notice of Trustee's Sale of the Property, scheduling the sale for

///

April 1, 2016.  Finally, on September 2, 2016, Quality recorded against the Property a Rescission of Notice of Default and Election to Sell Under Deed of Trust.

While these notices were being recorded against the Property, the Hinrichsens and their daughter Ms. Cox filed the present case against Quality and Deutsche Bank. In the Complaint, Plaintiffs alleged that on September 7, 2006, the Hinrichsens "rescinded their Mortgage Loan by sending their notice in writing to New Century Mortgage Corporation ('NCMC') under the Truth in Lending Act ('TILA') 15 U.S.C. § 1635(a), effectively voiding the note and deed of trust." (Compl. ¶ 8.) Plaintiffs also alleged they "sold" the Property to Pacifico Property Trust in June 2015, and "remain[ed] as tenants in the property under a lease option with equitable title therein." (*Id.* ¶ 10.)  According to the Complaint, Ms. Cox was "the current legal owner of the subject property." (*Id.* ¶ 11.)  The Complaint alleged claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), violation of California Civil Code § 2924, violation of California Business and Professions Code § 17200 and declaratory relief.

On May 2, 2016, Plaintiffs filed a motion for leave to amend their Complaint, which the Court granted.  In the First Amended Complaint ("FAC"), Plaintiffs reallege the claims in their original Complaint.  They also allege the Hinrichsens and Ms. Cox each have a fifty percent interest in the Property.  (FAC ¶¶ 1-2.)

In response to the FAC, Defendant Quality and Deutsche Bank each filed a motion to dismiss.  The Court denied Quality's motion, and granted in part and denied in part Deutsche Bank's motion.  Specifically, the Court granted the motion to dismiss Plaintiffs' 17200 claim, but denied the motion to dismiss Plaintiffs' other claims. Plaintiffs opted to not amend their 17200 claim, and to proceed with their other claims as alleged in the FAC.

Deutsche Bank now moves for leave to file an Amended Answer and Counterclaim and to add new parties.  Specifically, Deutsche Bank seeks leave to file a Counterclaim alleging two claims for fraud, a claim for unjust enrichment and a claim

for declaratory judgment. The proposed Counterclaim also adds Bank of America as a Counter Claimant, and the Hinrichsen Property Trust, Pacifico Property Trust, the Lucores and Hayven Arizona Finance as Counter Defendants.

## II.

## DISCUSSION

Deutsche Bank's motion relies on Federal Rules of Civil Procedure 15(a) and 19(a), which govern amendments to pleadings and joinder of parties, respectively.

### A. Leave to Amend

Rule 15 provides that leave to amend a party's pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In accordance with this Rule, the Supreme Court has stated,

> in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, *etc.* -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, the Ninth Circuit has stated "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing the amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

Here, Plaintiffs assert they will be prejudiced if Deutsche Bank is granted leave to amend. Specifically, they contend they will suffer a grave injustice as discovery has already commenced and their motion to strike Deutsche Bank's affirmative defenses is pending. (Opp'n to Mot. at 7.) It is true discovery in this case has already commenced. However, there is ample time remaining for the parties to conduct more discovery. The

fact discovery cut-off is April 28, 2017, and the expert discovery cut-off is June 9, 2017. That discovery has commenced does not demonstrate Plaintiffs would be prejudiced if Deutsche Bank is granted leave to amend. Furthermore, there is no prejudice to Plaintiffs by virtue of their pending motion to strike Deutsche Bank's affirmative defenses. Although that motion would become moot if leave to amend is granted, Plaintiffs could renew the motion if they chose to do so. Thus, Plaintiffs have not shown they would be prejudiced by Deutsche Bank's proposed amendment.

Plaintiffs' only other argument in response to Deutsche Bank's request for leave to amend is that the proposed amendment would be futile because the counterclaims are time-barred.[1] However, whether the proposed counterclaims are time-barred will depend on a number of facts, none of which are presently before the Court, such as when Deutsche Bank and Bank of America discovered the alleged fraud and what they did after that discovery. On the present record, Plaintiffs have not shown the proposed counterclaims are untimely, and thus, the proposed amendment is not futile.

Turning to the other *Foman* factors, there is no evidence that Deutsche Bank unduly delayed filing the present motion, or that the motion is brought in bad faith or with a dilatory motive. Furthermore, this is Deutsche Bank's first request for leave to amend, and it was filed by the deadline set out in the Court's Scheduling Order.

Considering the factors discussed above, Plaintiffs have not overcome the presumption in favor of granting leave to amend. Therefore, that request is granted. The Court turns now to whether the proposed amendment satisfies the joinder rules.

**B.   Joinder**

"Federal Rule of Civil Procedure 19 governs compulsory party joinder in federal district courts." *E.E.O.C. v. Peabody Western Coal Co.*, 610 F.3d 1070, 1077 (9th Cir. 2010). Rules 19(a)(1) and (2) state:

---

[1] Plaintiffs also assert the proposed counterclaims are irrelevant to this case. Relevance, however, is not a factor in determining whether to grant leave to amend. Even if it was, the Court disagrees with Plaintiffs' assertion that the proposed counterclaims are not relevant to this case.

> (1) **Required Party**. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if
>
> (A) in the person's absence the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the persons' ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> (2) **Joinder by Court Order**. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff."

Fed. R. Civ. P. 19(a)(1)-(2). This Rule "is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983).

"A Rule 19 motion poses 'three successive inquiries.'" *Peabody*, 610 F.3d at 1078 (quoting *E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) ("*Peabody II*")). "'First, the court must determine whether a nonparty should be joined under Rule 19(a).'" *Id.* (quoting *Peabody II*, 400 F.3d at 779). "If an absentee meets the requirements of Rule 19(a), 'the second stage is for the court to determine whether it is feasible to order that the absentee be joined.'" *Id.* (quoting *Peabody II*, 400 F.3d at 779). If joinder is not feasible, the third stage asks "'whether the case can proceed without the absentee' or whether the action must be dismissed." *Id.* (quoting *Peabody II*, 400 F.3d at 779).

/ / /

/ / /

/ / /

/ / /

Here, Deutsche Bank seeks to join the Lucores, the Hinrichsen Property Trust, Pacifico Property Trust and Hayven Arizona Finance as Counter Defendants.[2] Each of these individuals and entities was involved in either the alleged fraudulent scheme to obtain title to the Property or the transfers of the property thereafter, and each of them has an interest in the outcome of this case. Thus, these parties should be joined under Rule 19(a).

Turning to the second inquiry, there is no reason why joinder of these parties is not feasible. Venue over the proposed counterclaims is proper, *see* 28 U.S.C. § 1391(b), and Plaintiffs have not shown that any of the proposed Counter Defendants would not be subject to personal jurisdiction in this Court. On the issue of subject matter jurisdiction, Plaintiffs argue the Court must have original jurisdiction over the counterclaims. However, that is incorrect. Pursuant to 28 U.S.C. § 1367(a),

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Here, the Court has original jurisdiction over Plaintiffs' Complaint pursuant to 28 U.S.C. § 1331 (federal question), and may exercise supplemental jurisdiction over the counterclaims because they are related to the claims alleged in the FAC. Thus, joinder of the additional parties named in the proposed Counterclaim is feasible.

With that finding, the Court need not continue to the third inquiry. Rather, the Court finds joinder of these additional parties is proper, and grants Deutsche Bank's request to do so.

///

///

///

---

[2] Deutsche Bank also seeks to join Bank of America as a Counter Claimant. In light of the Court's ruling on Bank of America's motion to intervene, the Court will not address whether joinder of Bank of America is proper under Rule 19.

## III.

## CONCLUSION

For the reasons set out above, the Court grants Deutsche Bank's motion for leave to file an Amended Answer and Counterclaim and to add new parties. Deutsche Bank shall file this pleading on or before January 13, 2017. In light of this ruling, Plaintiffs' motion to strike Deutsche Bank's affirmative defenses is denied as moot.

**IT IS SO ORDERED**.

DATED: January 5, 2017

HON. DANA M. SABRAW
United States District Judge