1
2
3
4
5
6
7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10 RICK J. HINRICHSEN, ANNA
   HINRICHSEN, HOLLY COX,           CASE NO. 16cv0690 DMS (NLS)

11                                   **ORDER GRANTING BANK OF**
                          Plaintiffs, **AMERICA, N.A.'S MOTION FOR**
12    vs.                            **LEAVE TO INTERVENE**

13 QUALITY LOAN SERVICE
   CORPORATION; DEUTSCHE
14 BANK NATIONAL TRUST
   COMPANY, AS TRUSTEE FOR
15 THE HOLDERS OF NEW
   CENTURY HOME EQUITY LOAN
16 TRUST, SERIES 2005-A, ASSET
   BACKED PASS-THROUGH
17 CERTIFICATES; DOES 1-10,
   INCLUSIVE,
18
                          Defendants.
19

20        This case comes before the Court on Bank of America, N.A.'s motion for leave

21 to intervene in this case.  Plaintiffs filed an opposition to the motion, and Bank of

22 America filed a reply.  For the reasons discussed below, the Court grants the motion.

23                                   **I.**

24                              **BACKGROUND**

25        On April 25, 2005, Plaintiffs Rick and Anna Hinrichsen obtained a mortgage to

26 purchase the property at 11060 Green Oaks Road, Lakeside, California.  On May 3,

27 2005, a Deed of Trust was executed on the Property naming New Century Mortgage

28 / / /

Corporation as the lender, the Hinrichsens as the borrowers and Landamerica Southland Title as Trustee.

On January 13, 2012, Steven Lucore and Judy Lucore, on behalf of the Hinrichsens, issued a check payable to Bank of America, N.A. in the amount of $285,393.85 as payment in full of the Hinrichsen's mortgage. In light of that purported payment, Bank of America transferred title to the Property to the Hinrichsens. Unfortunately for the Bank, the Lucores' check did not clear. Thereafter, the Bank reversed the payment on the Hinrichsen's account, and their loan was placed in default status.

Nevertheless, and because they had apparently received title to the Property, the Hinrichsens proceeded to transfer title to the Property to a number of their family-related entities. First, on March 16, 2012, the Hinrichsens transferred title to the Property to the Rick and Anna Hinrichsen Property Trust by way of a Grant Deed. Next, on June 30, 2015, the Hinrichsens transferred title to the Property to Pacifico Property Trust by way of a Grant Deed. Two days later, on July 2, 2015, Plaintiff Holly Cox, the Hinrichsens' daughter, as Trustee of the Pacifico Property Trust, recorded a Deed of Trust and Assignment of Rents for the Property. That document identifies Hayven Arizona Finance as the beneficiary of the Deed of Trust. Nearly a year later, on May 6, 2016, Pacifico Property Trust transferred its interest in the Property to Ms. Cox by way of a Grant Deed. Five days later, on May 11, 2016, Ms. Cox transferred her interest in the Property to herself and her parents, as tenants in common, giving herself and her parents each a fifty percent interest in the Property.

Meanwhile, New Century and Quality Loan Service Corporation were also recording notices against the Property. On February 25, 2014, New Century assigned its interest in the Deed of Trust to Deutsche Bank. On November 10, 2014, Quality recorded a Notice of Default and Election to Sell the Property. On March 4, 2016, Quality recorded a Notice of Trustee's Sale of the Property, scheduling the sale for

/ / /

April 1, 2016.  Finally, on September 2, 2016, Quality recorded against the Property a Rescission of Notice of Default and Election to Sell Under Deed of Trust.

While these notices were being recorded against the Property, the Hinrichsens and their daughter Ms. Cox filed the present case against Quality and Deutsche Bank. In the Complaint, Plaintiffs alleged that on September 7, 2006, the Hinrichsens "rescinded their Mortgage Loan by sending their notice in writing to New Century Mortgage Corporation ('NCMC') under the Truth in Lending Act ('TILA') 15 U.S.C. § 1635(a), effectively voiding the note and deed of trust." (Compl. ¶ 8.)  Plaintiffs also alleged they "sold" the Property to Pacifico Property Trust in June 2015, and "remain[ed] as tenants in the property under a lease option with equitable title therein." (*Id.* ¶ 10.)  According to the Complaint, Ms. Cox was "the current legal owner of the subject property."  (*Id.* ¶ 11.)  The Complaint alleged claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), violation of California Civil Code § 2924, violation of California Business and Professions Code § 17200 and declaratory relief.

On May 2, 2016, Plaintiffs filed a motion for leave to amend their Complaint, which the Court granted.  In the First Amended Complaint ("FAC"), Plaintiffs reallege the claims in their original Complaint.  They also allege the Hinrichsens and Ms. Cox each have a fifty percent interest in the Property.  (FAC ¶¶ 1-2.)

In response to the FAC, Defendant Quality and Deutsche Bank each filed a motion to dismiss.  The Court denied Quality's motion, and granted in part and denied in part Deutsche Bank's motion.  Specifically, the Court granted the motion to dismiss Plaintiffs' 17200 claim, but denied the motion to dismiss Plaintiffs' other claims. Plaintiffs opted to not amend their 17200 claim, and to proceed with their other claims

/ / /

/ / /

/ / /

/ / /

1  as alleged in the FAC.  Bank of America now moves to intervene in this case as a

2  Defendant.[1]

## II.

## DISCUSSION

Bank of America moves to intervene in this case pursuant to Federal Rule of

Civil Procedure 24(a).[2]  That Rule provides:

> On timely motion, the court must permit anyone to intervene who: ...
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

> An applicant for intervention under Rule 24(a)(2) must establish four elements: (1) that the prospective intervenor's motion is "timely"; (2) that the would-be intervenor has "a significantly protectable interest relating to ... the subject of the action," (3) that the intervenor is "so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest"; and (4) that such interest is "inadequately represented by the parties to the action."

*Smith v. L.A. Unified Sch. Dist.*, Nos. 14-55224, 14-55256, 2016 U.S. App. LEXIS

13700, at *24 (9th Cir. July 27, 2016) (quoting *Freedom from Religion Found., Inc. v.

Geithner*, 644 F.3d 836, 841 (9th Cir. 2011)).  "Though the applicant bears the burden

of establishing these elements, we have repeatedly instructed that 'the requirements for

intervention are [to be] broadly interpreted in favor of intervention.'"  *Id.* at *24-25

(quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

Here, the parties do not dispute that Bank of America's motion is timely.

Pursuant to the Scheduling Order, all motions to join other parties should have been

---

[1] Deutsche Bank has also filed a motion for leave to file an amended Answer and Counterclaim.  The Proposed Counterclaim names Bank of America as a Counterclaimant.  The Court will address that motion in a separate order.

[2] As an alternative, Bank of America moves for leave to intervene pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).  Because the Court grants leave to intervene under Rule 24(a)(2), the Court does not address Bank of America's alternative argument.

1  filed by November 28, 2016, and the present motion was filed by that deadline.  Thus,

2  the first requirement for intervention is met.

3      The second requirement is that Bank of America have a significantly protectable

4  interest relating to the subject of this case.  The parties dispute whether this requirement

5  is met, but the Court finds it is satisfied.  The Ninth Circuit has stated  "[c]ontract rights

6  are traditionally protectable interests[ ]" sufficient to allow intervention as of right,

7  *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001)

8  (citations omitted), and Bank of America has shown that it has a contractual interest in

9  the Hinrichsens' mortgage.  (*See* Request for Judicial Notice in Supp. of Mot., Ex. G.)

10  *See also Bouchard v. Winstar Mortg. Partners, Inc.*, No. 10-cv-490-JLS-WVG, 2010

11  U.S. Dist. LEXIS 80441, at *7-9 (S.D. Cal. Aug. 10, 2010) (finding loan servicer had

12  significantly protectable interest sufficient to intervene in case brought by borrower

13  against mortgage brokers).

14      The third issue for intervention as of right is "whether disposition of the action

15  may adversely impair the interests of the applicant for intervention."  *Bouchard*, 2010

16  U.S. Dist. LEXIS 80441, at *8 (citing *Southwest Ctr.*, 268 F.3d at 822).  Here, again,

17  the parties dispute whether this requirement is met, but the Court finds it is.  As the

18  servicer of the Hinrichsens' mortgage, Bank of America has an interest in fulfilling its

19  duties and obligations under that contract, one of which is to collect payments on that

20  mortgage and submit those payments to the owner of the loan.  Although Plaintiffs

21  contend they no longer owe anything on the loan, that is an issue that remains to be

22  determined in this case.  Bank of America has an interest in the resolution of that issue,

23  and that interest may be impaired or impeded if Bank of America is not allowed to

24  participate in this case.  Thus, the third requirement for intervention as of right is

25  satisfied.

26      The fourth and final issue is whether Bank of America's interest in this case

27  would be inadequately represented by the other parties.  Clearly, Bank of America has

28  an interest in the Hinrichsens' mortgage, as do Defendants Quality and Deutsche Bank.

Plaintiffs argue Deutsche Bank and Bank of America share the same interests in this case, and therefore Bank of America's interests will be adequately protected by Deutsche Bank.  However, the Court disagrees with that assertion.  Although the interests of Bank of America and Deutsche Bank are aligned, Bank of America holds a unique position in this case as the direct victim of Plaintiffs' allegedly fraudulent scheme to obtain title to the Property.  Aside from seeing that title to the Property is held by the rightful owner and that the Hinrichsens' mortgage was properly and completely paid off, Bank of America has its own unique interest in remedying the alleged fraud to which it fell victim.  That interest is particular to Bank of America, and it is unlikely that either of the other Defendants will adequately represent that interest.

### III.

### CONCLUSION

After considering the factors set out above, the Court grants Bank of America's motion for leave to intervene in this case.

**IT IS SO ORDERED**.

DATED:  January 5, 2017

_____
HON. DANA M. SABRAW
United States District Judge