# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK J. HINRICHSEN, ANNA HINRICHSEN, HOLLY COX,<br><br>                              Plaintiffs,<br><br>v.<br><br>QUALITY LOAN SERVICE CORPORATION; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE HOLDERS OF NEW CERNTURY HOME EQUITY LOAN TRUST, SERIES 2005-A, ASSET BACKED PASS-THROUGH CERTIFICATES; DOES 1-10, INCLUSIVE,<br><br>                              Defendants. | Case No.:  16cv0690 DMS (BLM)<br><br>**ORDER DENYING MOTION TO DISMISS COUNTERCLAIM** |
| AND RELATED COUNTERCLAIM. | |

This case comes before the Court on *pro se* parties Rich Hinrichsen, Anna Hinrichsen and Holly Cox's motion to dismiss the Counterclaim. Deutsche Bank National Trust Company ("DBNTC") and Bank of America, N.A. ("BofA") filed an opposition to

the motion,[1] and the Hinrichsens and Ms. Cox filed a reply. For the reasons discussed below, the Court denies the motion.

## I.
## BACKGROUND

The facts of this case are set out in detail in this Court's January 5, 2017 Order Granting Motion for Leave to File Amended Answer and Counterclaim and to Add New Parties. Since that Order issued, DBNTC and BofA filed an Amended Answer and Counterclaim against the Hinrichsens, Ms. Cox, Pacifico Property Trust, The Rick and Anna Hinrichsen Property Trust, Steven Lucore, Sr., Judy Lucore and Hayven Arizona Finance alleging claims for (1) fraud in the reconveyance of the lien, (2) fraud in the further encumbrance of the property, (3) quasi-contract, (4) declaratory relief, (5) rescission and (6) cancellation. In response to the Counterclaim, the Hinrichsens and Ms. Cox filed the present motion to dismiss.

## II.
## DISCUSSION

The Hinrichsens and Ms. Cox move to dismiss the Counterclaim in its entirety. DBNTC and BofA oppose the motion, and request leave to amend if the motion is granted.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court established a more stringent standard of review for 12(b)(6) motions. To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim

---

[1] The Hinrichsens and Ms. Cox assert the opposition brief was untimely filed. In support of this argument, they cite "Civil Local Rule 7-9," (Reply at 2), but there is no such Local Rule. Contrary to the Hinrichsens' argument, Civil Local Rule 7.1.e.2 states opposition briefs must be filed "not later than fourteen (14) *calendar* days prior to the noticed hearing." Civil Local Rule 7.1.e.2. The opposition brief was filed by that deadline, and was therefore timely filed.

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 680. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

Here, the first and primary argument in support of the motion to dismiss is that the 2012 reconveyance of the property is "irrelevant" because in 2006 the Hinrichsens rescinded their mortgage under Truth in Lending Act ("TILA").[2] The Hinrichsens have raised similar arguments in previous briefs, and as indicated in the Court's Order granting BofA's motion for leave to intervene, the effect of the Hinrichsens' alleged rescission of their mortgage under TILA "is an issue that remains to be determined in this case." (Docket No. 78 at 5.) Unless and until that issue is determined, the 2012 reconveyance of the property is not "irrelevant" to this case, and the Hinrichsens' argument to the contrary does not warrant dismissal of the Counterclaim.

The only other argument raised in the motion is that the fraud claims are untimely. Specifically, the Hinrichsens and Ms. Cox assert "the statute of limitations for a cause of action under Cal. Civ. Code § 1719 has expired." (Mem. of P. & A. in Supp. of Mot. at 5.) But, there is no counterclaim under California Civil Code § 1719. To the extent the Hinrichsens and Ms. Cox are asserting the fraud claims actually alleged in the Counterclaim are time-barred, DBNTC and BofA have alleged facts that support

---

[2] Indeed, this is the primary argument in support of dismissal of each of the claims alleged in the Counterclaim.

invocation of the discovery rule.  (*See* Answer and Counterclaim ¶ 41; Opp'n to Mot. at 16-20.)  Thus, the fraud claims are not subject to dismissal at this stage of the case on the ground they are untimely.

## III.
## CONCLUSION

For the reasons set out above, the Court denies the motion to dismiss the Counterclaim.

**IT IS SO ORDERED**.

Dated:  March 30, 2017

Hon. Dana M. Sabraw
United States District Judge