UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK J. HINRICHSEN, ANNA HINRICHSEN, AND HOLLY COX,<br><br>                    Plaintiffs,<br><br>v.<br><br>QUALITY LOAN SERVICE CORPORATION, DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee For the Holders of New Century Home Equity Loan Trust, Series 2005-A, Asset Backed Pass-Through Certificates, AND DOES 1-10,<br><br>                    Defendants. | Case No.:  16cv690-DMS(BLM)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ORDER DEEMING SERVICE OF DEPOSITION SUBPOENA EFFECTUATED BY OVERNIGHT AND EMAIL SERVICE AND COMPELLING THE LUCORES TO APPEAR FOR DEPOSITION**<br><br>**[ECF No. 237]** |

      Currently before the Court is Defendant/Counterclaimant Deutsche Bank National Trust Company and Intervenor Bank of America, N.A.'s ("Counterclaimants") "MOTION FOR AN ORDER DEEMING SERVICE OF DEPOSITION SUBPOENA ON STEVEN LUCORE AND JUDY LUCORE EFFECTUATED BY OVERNIGHT AND EMAIL SERVICE AND FOR AN ORDER COMPELLING THE LUCORES TO APPEAR FOR DEPOSITION" [ECF No. 237-1 ("Mot.")] and former Counter-Defendants Steven H. Lucore's and Judy L. Lucore's November 17, 2017 opposition to the motion [ECF No. 241-1 ("Oppo.")].  For the reasons set forth below, Counterclaimants' motion is **DENIED WITHOUT PREJUDICE**.

## **RELEVANT BACKGROUND**

      On October 2, 2017, Plaintiff Anna Hinrichsen filed a Motion to Quash Subpoena Duces

Tecum for Medical Records. ECF No. 217. On October 4, 2017, Mr. Lucore appeared for his deposition but no deposition was conducted as the parties agreed to continue discovery so that more time and resources could be put into settlement efforts. Mot. at 4. To that end, on October 9, 2017, the parties files a "JOINT MOTION TO CONTINUE THE HEARING ON PLAINTIFF'S MOTION TO QUASH; TO CONTINUE DEPOSITION DATES; AND TO CONTINUE WRITTEN DISCOVERY DEADLINES." ECF No. 221. The parties sought in part to continue the October 4, 2017 deposition of Steven H. Lucore, Sr. to November 28, 2017 and the October 5, 2017 deposition of Judy Lucore to December 5, 2017. Id. at 3-4. In support, the parties stated that they had "commenced settlement negotiations and [we]re actively attempting to resolve this matter prior to trial and [we]re concurrently filing a motion to request a settlement conference with this Court" and that postponing the deadline "[would] enable[] [them] to focus their resources on mediation and potential resolution without concurrently having to engage in potentially unnecessary and costly motion practice." Id. at 2.

On October 10, 2017, the Court granted the parties' motion and ordered that "[t]he deposition of Steven H. Lucore, Sr. will take place on November 28, 2017 at 10:00 a.m." and that "[t]he deposition of Judy L. Lucore will take place on December 5, 2017 at 10:00 a.m." ECF No. 223 at 2-3.

On October 18, 2017, after Counterclaimants filed a notice of dismissal without prejudice of their counterclaim against Counter-Defendants Steven H. Lucore, Sr., Judy L. Lucore, The Rick and Anna Hinrichsen Property Trust, Pacifico Property Trust, and Hayven Arizona Finance, the Lucores were terminated from the case. See Docket and ECF No. 224. Accordingly, Counterclaimants later withdrew the deposition notices for the Lucores and prepared deposition subpoenas for personal appearance. Mot. at 4. Counterclaimants' process server then attempted to personally serve the Lucores on November 4-7th 2017 without success. Id.; see also ECF No. 237-2, Declaration of Piper A. Waldron in Support of Motion ("Waldron Decl.") at 2, Exh. A.

On November 8, 2017, counsel for Counterclaimants emailed Mr. Lucore and requested that he accept service of the deposition subpoenas. Id.; see also Waldron Decl. at 4, Exh. B.

Mr. Lucore declined to do so because the counterclaim had been dismissed and because he plans to be out of town until mid-December.  Id.  On November 10, 2017, Counterclaimants served the deposition subpoenas on the Lucores by overnight mail and email.  Id. at 4, Exhs. C and D.  Mr. Lucore responded that afternoon and stated that he and Ms. Lucore would "voluntarily commit to being deposed" when they return if Counterclaimants and Plaintiffs "stipulate to extending discovery to the middle of January."  Waldron Decl. at Exh. D at 1.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 45 establishes the rules for subpoenas served upon individuals and entities that are not parties to the underlying lawsuit.  See Fed. R. Civ. P. 45.  "Serving a subpoena requires delivering a copy to the named person."  Fed. R. Civ. P. 45(b)(1).  "Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served.  The statement must be certified by the server."  Fed. R. Civ. P. 45(b)(4).

## DISCUSSION

Counterclaimants seek an order from the Court "1) deeming overnight and email service of the deposition subpoenas on Steven and Judy Lucore effectuated; and 2) compelling their appearance at the Court's previously ordered depositions set for November 28, 2017 and December 5, 2017, respectively."  Mot. at 3.  Counterclaimants argue that Fed. R. Civ. P. 45 does not require personal service and that the Lucores have been aware of the depositions since October 10, 2017.  Id. at 5-7.  Counterclaimants also argue that alternative methods of service should be permitted where, as is the case here, witnesses are purposefully evading service.  Id. at 8.  Finally, Counterclaimants argue that with the discovery deadline looming, they will be prejudiced if the Court requires personal service.  Id. at 8-9.

The Lucores contend that Counterclaimants' "motion lacks merit" and that because they are no longer parties to the action, they have scheduled a holiday vacation during the time their depositions were originally ordered to take place.  Oppo. at 2, 6.   The Lucores also contend

that Counterclaimants cannot have the benefit of dismissing their case against the Lucores[1] and avoid personally serving them in accordance with Fed. R. Civ. 45.  Id. at 3.  The Lucores note that case law is on their side as most Ninth Circuit authority requires personal service for nonparties.  Id. at 3-4.  The Lucores further note that they have not evaded service and provide video footage from their home in support of their argument that Counterclaimants' process server has not made a "diligent attempt" to serve them.  Id. at 5-6.  Finally, the Lucores contend that "this Court has no jurisdiction over the Lucores as a result of [Counterclaimants'] voluntary dismissal."  Id. at 9-10.

Fed. R. Civ. P. 45 states that serving a subpoena requires delivering a copy to the named person.  While this is often interpreted as requiring personal service[2], "[t]here appears to be a growing—although still minority—trend among courts to allow substitute service of a Rule 45 subpoena, such as mail delivery, so long as the method of service is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash."  In re: Ex Parte Application of Pro-Sys Consultants & Neil Godfrey, 2016 WL 6025155, at *2 (N.D. Cal. Oct. 14, 2016) (citing Toni Brattin & Co. v. Mosaic Int'l, LLC, 2015 WL 1844056, at *4 (N.D. Cal. Apr. 9, 2015) (granting motion to serve Rule 45 subpoenas by certified mail); Green v. Baca, 2005 WL 283361, at *1 n.1 (C.D. Cal. Jan. 31, 2005) (same (collecting cases)).  "Courts are more inclined to grant such alternative service where the serving party has provided sufficient

---

[1] The Lucores allege that Counterclaimants dismissed the case against them in bad faith "to avoid a dispositive ruling on the Lucore's summary judgment [motion] that was pending" at the time.  Oppo. at 3.

[2] See Prescott v. County of Stanislaus, 2012 WL 10617, *3 (E.D. Cal. Jan.3, 2012) (stating that "[p]ersonal service of a deposition subpoena is required by Fed. R. Civ. P. 45(b)(1)," that "[a] majority of courts interpret 'delivering' to require personal service," and noting that while "the Ninth Circuit has not issued a published opinion on this topic, more than a decade ago, in Chima v. United States Dep't of Defense, 23 Fed. Appx. 721 at *6–7 (9th Cir. Dec.14, 2001), the Court issued an unpublished decision affirming trial court's refusal to compel compliance with subpoena that was served by mail"); see also Poly-Med, Inc. v. Novus Sci. PTE Ltd., 2017 WL 2291942, at *2 (S.D. Cal. May 25, 2017) ("Serving a subpoena requires "delivering a copy to the named person," which is often interpreted to mean personal service. Fed. R. Civ. P. 45(b)(1)").

evidence of its earlier diligence in attempting to effectuate personal service." Id. (citing Toni Brattin & Co., 2015 WL 1844056, at *3 (authorizing service by mail where the serving party made earlier attempts to make personal service, failed, and sought in advance leave of court to serve by alternative service). Fujikura Ltd. v. Finisar Corp., 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015).

Here, the Court is not inclined to follow the recent trend of permitting alternate service at this time as the Court does not find that Counterclaimants have been sufficiently diligent in their efforts to personally serve the deposition subpoenas on the Lucores. Counterclaimants hired a process server, R.T. Hansell, to serve the deposition subpoenas and Mr. Hansell went to Mr. and Mrs. Lucore's residence several times over a four day period. See Waldron Decl. at Exh. A. However, as the Lucores note, it is not clear what Mr. Hansell actually did to serve the subpoenas. Waldron Decl. at 2; see also Oppo. at 5-6. Specifically, while Mr. Hansell reported that he attempted to serve the documents multiple times between November 4th and 7th 2017, a closer look at his service attempt log shows that he spent a lot of time surveilling the house without ringing the doorbell or getting out of his car. Id. at Exh. A. There are comments such as "I attempted to get someone's attention" without any explanation as to what that means. Id. For example, did Mr. Hansell ring the doorbell? Approach the gate? Yell at Mr. or Ms. Lucore? Id. at 2, Exh. A. In addition, Mr. Hansell states that he observed other adults at the Lucores' residence, but never mentions approaching them or asking them for assistance in locating the Lucores. Id. Finally, the video footage submitted by the Lucores shows that there are several discrepancies between Mr. Hansell's service attempt log and what the Lucores allege was happening at their home.[3]

---

[3] For example, Mr. Hansell's report states that he observed the Lucore's house starting at 5:00 p.m. on November 7, 2017 and that all remained quiet until approximately 8:30 p.m. when a man, woman (not Steven and Judy Lucore), and child left the house. Waldron Decl. at Exh. A. However, the video footage Mr. Lucore submitted shows two people leaving the home at 5:08 p.m., Mr. Lucore taking out the trash at 5:25 p.m., and someone arriving at 6:09 p.m. and 6:16 p.m. See ECF No. 240. While the Court does not need to resolve this factual dispute at this time, the Court notes that it has no way of verifying the authenticity of the video footage and that Judge Sabraw previously questioned Mr. Lucore's credibility and found evidence that he

Accordingly, the Court finds that at this time, Counterclaimants have not established the requisite diligence to justify adopting the minority view and authorizing service by mail. However, the evidence presented to the Court does create a concern that the Lucores are evading service. The evidence also establishes that the Lucores know that Counterclaimants want to depose them, readily respond to emails declaring when they will not appear for a deposition, and yet are unwilling to agree to either a mutually convenient date to be deposed or a mutually convenient date or method for service of the deposition subpoenas. The Court, therefore, **DENIES** Counterclaimants' motion without prejudice. If Counterclaimants make additional unsuccessful efforts to serve the Lucores, Counterclaimants may file another motion seeking authorization for overnight and email service. If the Lucores want to arrange mutually convenient dates for their depositions, as they indicate in their November 10, 2017 email to defense counsel [see Waldron Decl. at Exh. D], they should contact counsel for Counterclaimants. Further, given the history of this case, as well as the facts set forth in this motion, the Court authorizes Counterclaimants to depose the Lucores after the expiration of the discovery deadline.[4]

**IT IS SO ORDERED**.

Dated: 11/27/2017

Hon. Barbara L. Major
United States Magistrate Judge

_____

was evading service. ECF No. 199.

[4] No other discovery may be conducted after the discovery deadline without prior court approval.

16cv690-DMS(BLM)