# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK J. HINRICHSEN, ANNA HINRICHSEN, HOLLY COX,<br><br>Plaintiffs,<br><br>v.<br><br>QUALITY LOAN SERVICE CORPORATION; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE HOLDERS OF NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2005-A, ASSET BACKED PASS-THROUGH CERTIFICATES; DOES 1-10, INCLUSIVE,<br><br>Defendants.<br><br>_____<br><br>AND RELATED COUNTERCLAIM. | Case No. 16-cv-0690 DMS (BLM)<br><br>**ORDER DENYING MOTION FOR AN ORDER DECLARING COUNTER DEFENDANTS VEXATIOUS LITIGANTS AND FOR ATTORNEY'S FEES PURSUANT TO 28 U.S.C. § 1927** |

Pending before the Court is Counterclaimants Deutsche Bank National Trust Company and Bank of America, N.A.'s motion for an order declaring Counter Defendants Rick J. Hinrichsen, Anna Hinrichsen, Holly Cox, Steven H. Lucore, and Judy Lucore vexatious litigants and for attorneys' fees pursuant to 28 U.S.C. § 1927.

Counter Defendants filed an opposition to the motion, and Counterclaimants filed a reply. For the reasons discussed below, the motion is denied.

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), district courts have "the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999)). "However, pre-filing orders are an extreme remedy that should rarely be used." *Id.* (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). As such, "[c]ourts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts." *Id.* (citations omitted). Before declaring a plaintiff a vexatious litigant, courts must: "(1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'" *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting *De Long*, 912 F.2d at 1147–48). "The first and second of these requirements are procedural, while the 'latter two factors ... are substantive considerations ... [that] help the district court define who is, in fact, a "vexatious litigant" and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts.'" *Id.* (quoting *Molski*, 500 F.3d at 1058).

Initially, to the extent Counterclaimants seek to declare the Lucores vexatious litigants, the Court denies the motion as moot because the Lucores have been dismissed from the present action.

As to the remaining Counter Defendants, Cox and the Hinrichsens, the Court proceeds directly to the third factor because it is dispositive. "[B]efore a district

– 2 –

court issues a pre-filing injunction ... it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148 (citation and internal quotation marks omitted). To determine whether a litigant's actions are frivolous, "district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Ringgold-Lockhart*, 761 F.3d at 1064 (citations and internal quotation marks omitted). "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d 1059. As an alternative to frivolousness, "the district court may make [a] finding that the litigant's filings 'show a pattern of harassment.'" *Ringgold-Lockhart*, 761 F.3d at 1064 (quoting *De Long*, 912 F.2d at 1148). The Ninth Circuit has cautioned that courts "must be careful not to conclude that particular types of actions filed repetitiously are harassing, and must [i]nstead ... discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." *Id.* (quoting *De Long*, 912 F.2d at 1148) (internal quotation marks omitted).

Counterclaimants contend Counter Defendants have filed countless frivolous motions in the present action for the sole purpose of harassment. In support, Counterclaimants identify five motions filed by Cox and the Hinrichsens. (*See* Mem. of P. & A. in Supp. of Mot. at 15.) Counter Defendants' motions practice, however, is not sufficiently frivolous or harassing at this time to warrant a pre-filing order. The number of motions filed by Counter Defendants is not inordinate. And while the Court understands Counterclaimants' concern that Counter Defendants may have filed motions that lacked merit or were unnecessary to prosecute their case, it is notable that Counter Defendants are proceeding *pro se*. Some leeway is therefore warranted. *See Ringgold–Lockhart*, 761 F.3d at 1063 (whether litigant is represented by counsel is helpful in determining vexatious litigant status).

Moreover, Counter Defendants have filed only one lawsuit against Counterclaimants. A single lawsuit is insufficient to support a pre-filing order based on the extreme nature of such a remedy. *See Ringgold-Lockhart*, 761 F.3d at 1064–65 ("two cases is far fewer than what other courts have found 'inordinate.'"). Cases in which courts have issued pre-filing orders have involved much more serious examples of abuse of the legal system. *See*, *e.g.*, *Favor v. Harper*, No. CV 17-0165-JGB (JEM), 2017 WL 132830, at *2 (C.D. Cal. Jan. 13, 2017) ("[plaintiff] has filed at least 50 actions in this district since 2014, and he continues to file new habeas petitions and civil rights complaints on a regular basis."); *Molski*, 500 F.3d at 1050 (roughly 400 similar cases); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523, 1526 (9th Cir. 1983) (35 actions filed in 30 jurisdictions); *Calhoun v. San Diego Cty.*, No. 12CV2596 AJB JMA, 2012 WL 5878666, at *3 (S.D. Cal. Nov. 21, 2012) (26 similar complaints); *Ryan v. Morgan*, No. 11CV0685 JAH (CAB), 2012 WL 12874927, at *5 (S.D. Cal. Mar. 22, 2012) (15 similar cases). Accordingly, Counterclaimant's motion to declare Counter Defendants vexatious litigants is denied. The request for attorneys' fees is denied as moot.

**IT IS SO ORDERED.**

Dated: December 13, 2017

Hon. Dana M. Sabraw
United States District Judge